```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| GLOUCESTER COUNTY IMPROVEMENT AUTHORITY, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil Action No. 07-5328 |
| v. | **MEMORANDUM OPINION** |
| GALLENTHIN REALTY DEVELOPMENT, INC., |  |
| Defendant. |  |

This Court having previously ordered Defendant to pay Plaintiff's reasonable fees and costs in this matter, the case is before the Court on Defendant's objections raised to Plaintiff's affidavit of services rendered.  The Court finds as follows:

1. Plaintiff Gloucester County Improvement Authority brought this action in the Superior Court of New Jersey to enforce a court order it had received authorizing its agents to enter Defendant's property pursuant to New Jersey's prospective condemnation statute.  Defendant Gallenthin Realty removed the lawsuit to this Court, asserting federal question jurisdiction, and Plaintiff subsequently moved to remand and to award Plaintiff costs on account of Defendant's improper removal.

2. As noted in this Court's Opinion on the motion to remand, Defendant offered a moving target of changing and convoluted justifications for removal.  Though difficult to untangle, these justifications were ultimately determined to be

so meritless as to warrant fee-shifting. The Court entered an Order remanding this case to State Court and granting Plaintiff's motion for costs and attorney's fees.

    3. The Court's Order required Plaintiff to file "an Affidavit itemizing the costs and fees it has incurred as a result of Defendant's removal no later than seven days after the entry of this Order." [Docket Item 18.] Plaintiff timely filed an affidavit setting forth the services rendered at a somewhat general level, without specifying the time spent on each date, or by task.

    4. Defendant objected to the amount of the fees sought, arguing that Plaintiff had failed to establish that its hourly rates claimed were reasonable in the applicable legal market. Defendant also challenged Plaintiff's failure to offer a detailed itemization of the services rendered. Finally, Defendant argued that certain charges were unreasonable, including the hourly rate of services rendered by a junior associate, Orly Jashinsky.

    5. Unfortunately, because the docket had been closed when the case was remanded, the fee application slipped from the Court's active docket and was not addressed for an extended period. Upon discovery of the outstanding application, the Court wrote to the parties, informing them of the inadvertent delay and stating that the Court could not grant the application as filed because it was insufficiently detailed. [Docket Item 22.] The

2

Court invited Plaintiff to submit a more detailed affidavit and permitted Defendant to renew its objections as necessary.

6. Plaintiff subsequently filed a more detailed affidavit breaking down the time spent by each attorney on particular dates, and task-by-task (i.e., research and composition of motion, scheduling issues, research of reply brief, oral argument preparation and attendance). [Docket Item 23.]

7. Defendant renews its objection to the fee application on three grounds: (1) that Plaintiff only has 30 days from an order or judgment in which to file a sufficiently detailed affidavit of services rendered and Plaintiff failed to do so; (2) that there is still insufficient evidence that the hourly rates are reasonable – especially with respect to the junior associate who worked on the matter; and (3) that the affidavit is still insufficiently itemized to determine whether the expenditure of time by each attorney was reasonable.

8. In support of the assertion that the application is now untimely and should therefore be categorically rejected, Defendant makes no legal arguments as to why Plaintiff should not be permitted to supplement an insufficiently detailed affidavit at the Court's request, or why Plaintiff should be punished for the delay, and asserts no prejudice. Instead, Defendant merely cites Local Civil Rule 54.2(a)'s 30-day filing limitation as "sound judicial policy." Defs.' Br. 2. But that Local Rule,

which requires the filing of an application within 30 days of the judgment or order, does not address the present situation because Plaintiff filed the application within that period.  Nothing in the Rule forbids the Court from requiring Plaintiff to supplement the application, and even if the deadlines in the rule applied to such a supplement, the Rule explicitly empowers the Court to modify those deadlines.

    9.  In support of the assertion that Plaintiff has failed to prove the reasonableness of the hourly rates charged by its attorneys, Defendant maintains that such proof requires evidence apart from the attorney's own affidavits, citing <u>Blum v. Stenson</u>, 465 U.S. 886, 895 (1984).  But Defendant misreads <u>Blum</u>, which noted in dicta that evidence beyond an attorney's mere conclusory affirmance that his or her rates are in line with prevailing rates is required.  <u>Id.</u>  That case did not hold that it would be insufficient for an attorney to aver that his rate was reasonable based on competitive bidding and the attorney's actually-charged rates.  In this case, it is not contested that Plaintiff's law firm was selected after an open and competitive bidding process, and that three of the four attorneys for Plaintiff charged less than their ordinary rate.  Those two uncontested facts in combination are sufficient to prove the reasonableness of those rates for those three attorneys.

    10.  The Court does find, however, that it is unreasonable

to charge Defendant $210 per hour for an attorney who normally billed at $175 per hour (or at least that there is insufficient proof of the reasonableness of such a fee in this case).  The Court recognizes that the $210 per hour rate was a negotiated rate charged to Plaintiff by each attorney regardless of whether it was higher or lower than that attorney's ordinary rate.  And, as explained above, the Court agrees that a given rate is presumptively reasonable if it is both less than that of the attorney's normal rate and is accepted in competitive bidding in the marketplace.  But reasonableness is a weaker inference when the attorney is billing the client at a higher-than-normal rate, even if accepted by that one client as part of a package.  To justify the reasonableness of that increased rate, more evidence would be needed, and the Court has already provided Plaintiff with sufficient opportunity to adduce such evidence.

11.  Finally, as to whether the affidavit is sufficiently itemized, Plaintiff has now fully complied with Local Civil Rule 54.2(a), which requires the affidavit to describe: (1) the nature of the services rendered, including the results, novelty of the issues, and other relevant factors; (2) dates of the services; (3) a description of the service and the person rendering it; (4) the time spent on each service; and (5) the normal billing rate for each attorney.  The Rule does not require the kind of detail Defendant asks for.  Defendant contends that without further

5

detail, it cannot be determined if, for example, 3.8 hours of research was spent reviewing multiple cases or one case, and therefore cannot be determined if the time was reasonable.  Using the same argument, one could contend that Plaintiff must also list the length of each case reviewed, since 3.8 hours to review a fifty page decision might be reasonable while the same amount of time to review a three page decision is not.  Self-evidently, preparation of this kind of fine-grained affidavit, even if possible, would be impractical, and is not required for an officer of the Court to support a fee application.  Instead, what is required is sufficient detail for the Court to assess the overall reasonableness of the fees in light of the legal work reasonably required by the circumstances.

12.  Having reviewed the full record of this case in addition to Plaintiff's affidavit, the Court is satisfied that the circumstances of this case required the time and effort expended by Plaintiff's attorneys.  While the notice of removal was ultimately found to be so obviously meritless as to warrant fee-shifting, it was still necessary for Plaintiff's attorneys to review and consider all of the convoluted and shifting arguments made by Defendant, including over fifty federal documents and enactments – ranging from maps, to reports issued by the Army Corps of Engineers, to congressional appropriations bills.  None of the services rendered are out of proportion to the complexity

and numerosity of the issues, and the results achieved.

     13. In sum, the Court will approve Plaintiff's application with the sole change that Orly Jashinsky's time will be compensated at $175 per hour instead of $210, resulting in a final award of $27,825 instead of $29,547 in attorney fees. Once costs are added, the new total is $29,220. The accompanying Order will be entered.

**August 1, 2011**             **s/ Jerome B. Simandle**
Date                      JEROME B. SIMANDLE
                           United States District Judge